IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Mirado D. Crow, | : | |
| | : | Case No. 1:24-cv-532 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Denying Motion to Dismiss |
| Stenger & Stenger P.C., *et al*, | : | |
| | : | |
| Defendants. | : | |

This matter is before the Court on the Motion to Dismiss filed by Defendants Stenger & Stenger P.C., Anthony Huspaska, David Bokor, and David Hoff. (Doc. 6.) Defendants move to dismiss the Fair Debt Collections Practices Act ("FDCPA") claims filed against them by Plaintiff Mirado D. Crow for lack of standing. Because the Court finds that the allegations in Crow's *pro se* Complaint are sufficient to establish standing, the Court will **DENY** the Motion to Dismiss.

I.  BACKGROUND

A.  **Factual History**

The following facts are derived from the allegations in the Complaint and the documents attached to it. Crow is a resident of Hamilton County, Ohio. (Doc. 3 at PageID 166.) Stenger & Stenger is a Michigan law firm engaged in the practice of debt collection. (*Id.* at PageID 166–167, 169.) Huspaska, Bokor, and Hoff are attorneys and employees of Stenger & Stenger. (*Id.* at PageID 167–168.) Defendants sent Crow a dunning letter by mail in November 2023 to collect an alleged debt on behalf of a client. (*Id.* at PageID 169–170, 185.) Crow responded by a letter dated December 12, 2023 requesting validation of the debt. (*Id.* at PageID 170, 187.) Stenger & Stenger received the letter, but Defendants did not attempt to validate the debt. (*Id.* at

1

PageID 170–171.)

Instead, Stenger & Stenger filed suit on behalf their client, CitiBank NA, against Crow on February 6, 2024 in Butler County, Ohio. (*Id.* at 171, 195–196.) The lawsuit asserted two claims: (1) nonpayment of account and (2) unjust enrichment. (*Id.* at PageID 171, 195.) Huspaska, Bokor, and Hoff participated in the debt collection lawsuit on behalf of Stenger & Stenger. (*Id.* at PageID 171.) Defendants sent Crow debt validation documents in August 2024 during the litigation when ordered to do so by the state court. (*Id.* at PageID 171, 305.) At the time this federal lawsuit was filed, the state court had denied Crow's dismissal motion and Defendants had moved for summary judgment on behalf of CitiBank in the debt collection lawsuit. (*Id.* at PageID 171.)

**B.     Procedural History**

Crow, acting *pro se*, filed a Complaint against Stenger & Stenger and its three attorneys on September 25, 2024. (Doc. 3.) He asserted two claims for relief under the FDCPA. First, he alleged in Count I that Defendants violated 15 U.S.C. § 1692e by filing a claim for unjust enrichment in the debt collection lawsuit. (*Id.* at PageID 172–173.) Second, he alleged in Count II that Defendants violated 15 U.S.C. § 1692g and 12 C.F.R. § 1006.38(d)(2)(i) by filing the debt collection lawsuit in state court before they validated his purported credit card debt. (*Id.* at PageID 173.)[1] Crow asked the Court in his prayer for relief to grant a permanent injunction and to award monetary civil penalties and other appropriate relief. (*Id.* at PageID 175–177.)

Defendants now have moved to dismiss Crow's Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure. (Doc. 6.) The matter is fully briefed and ripe for adjudication. (Docs. 8, 9, 14, 15.)

---

[1] Crow mistakenly alleged that Defendants violated 15 U.S.C. § 1692h, but § 1692g is the provision that requires debt collectors to validate debts upon request of the purported debtor. The Court will apply the intended statute.

**II.     STANDARD OF LAW FOR RULE 12(B)(1) DISMISSAL MOTION**

Defendants move to dismiss for lack of standing.  Article III of the Constitution limits federal court jurisdiction to only "Cases" and "Controversies."  U.S. Const. Art. III § 2.  The doctrine of standing addresses whether a case or controversy exists.  Standing consists of three elements: "[t]he plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up).

"Whether a party has standing is an issue of the court's subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1)."  *Lyshe v. Levy*, 854 F.3d 855, 857 (6th Cir. 2017).  Rule 12(b)(1) allows a defendant to move to dismiss for lack of subject matter jurisdiction.  To resolve a Rule 12(b)(1) motion, a district court can "look beyond the jurisdictional allegations in the complaint and consider submitted evidence."  *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012).  The plaintiff has the burden of establishing the district court's jurisdiction when a Rule 12(b)(1) dismissal motion is filed.  *See Rogers v. Stratton Industs., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986).  The plaintiff "must demonstrate standing for each claim that they press and for each form of relief that they seek."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021); *see also Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 441 (6th Cir. 2020) ("A plaintiff must demonstrate standing separately for each claim and each form of relief sought.")

**III.    ANALYSIS**

At issue is whether Crow's FDCPA allegations are sufficient to establish that he suffered

3

Case: 1:24-cv-00532-SJD-KLL Doc #: 16 Filed: 05/14/25 Page: 4 of 7 PAGEID #: 381

a concrete and particularized harm necessary for standing. "Article III standing requires a concrete injury even in the context of a statutory violation." *Spokeo*, 578 U.S. at 341. "[T]he violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact[,]" and in those situations, a plaintiff "need not allege any *additional* harm beyond the one Congress has identified." *Id.* at 342 (emphasis in the original). But the mere fact that Congress created a cause of action for a procedural violation does not mean that a plaintiff has suffered a concrete harm from the violation as necessary to establish standing. *TransUnion*, 594 U.S. at 426–427. "[A]n injury in law is not an injury in fact." *Id.* at 427.

Standing exists for a statutory procedural violation where the plaintiff can prove that "the procedural harm itself is a concrete injury of the sort traditionally recognized or that the procedural violations caused an independent concrete injury." *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361 (6th Cir. 2021) (following *Spokeo* and *TransUnion*).[2] Concrete harms can include intangible harms such as reputational harms, disclosure of private information, intrusion upon seclusion, abridgement of free speech, and infringement upon free exercise of religion. *TransUnion*, 594 U.S. at 425. For example, the Sixth Circuit held in *Ward* in a second appeal after remand that the receipt of an unwanted collections phone call in violation of the FDCPA "is injury enough" for standing because it is akin to the type of harm caused by a common law intrusion-upon-seclusion claim. *Ward v. NPAS, Inc.*, 63 F.4th 576, 580–581 (6th Cir. 2023). On the other hand, the plaintiff in *Lyshe* did not allege that she suffered a concrete injury from the opposing parties' alleged misrepresentation about the Ohio procedural discovery rules in their debt collection lawsuit against the plaintiff. 854 F.3d at 858–859 (stating that the plaintiff admitted she had not suffered the potential harm of having to take unnecessary steps in

---

[2] In *Ward*, the Sixth Circuit recognized that the *TransUnion* decision abrogated *Macy v. GC Services Limited Partnership*, 897 F.3d 747 (6th Cir. 2018), wherein a Sixth Circuit panel had held that a violation of § 1692g alone conferred Article III standing. 9 F.4th at 361.

4

discovery).

Turning to Crow's allegations, he asserted in Count I that Defendants violated 15 U.S.C § 1692e by filing a claim for unjust enrichment in the debt collection lawsuit in state court. (Doc. 3 at PageID 172–173.) The FDCPA prohibits a debt collector from making "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C § 1692e. Improper court filings can violate § 1692e. *See Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 534–535 (6th Cir. 2014) (giving the examples of filing for writ of garnishment or attaching misleading documents to a complaint). The Sixth Circuit held in 2023 that having to defend against a debt collection lawsuit that the opposing party "had no right to bring in the first place" is the type of "concrete injury that meets the injury-in-fact requirement" for standing. *Bouye v. Bruce*, 61 F.4th 485, 490 (6th Cir. 2023). The plaintiff in *Bouye* had alleged that a company violated the FDCPA by a debt collection lawsuit against him when it did not actually own the purported debt. *Id.* at 487. Here, Crow alleged that Defendants had no basis to assert an unjust enrichment claim in the debt collection lawsuit because the claim was precluded under Ohio law by the existence of a written contract. (Doc. 3 at PageID 170, 172–173.) The Court can reasonably infer from this allegation that Crow's alleged injury is having to defend against the baseless claim, similar to the basis for standing in *Bouye*. This is sufficient at the dismissal stage to conclude that Crow has standing to proceed on Count I of the Complaint.

In Count II, Crow alleged that Defendants violated the FDCPA by not validating his alleged debt and continuing collection activities after he requested validation of the alleged debt. (*Id.* at PageID 170–171, 173–174.) The FDCPA provides that "[i]f the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt

collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).  This procedural requirement is closely related to the express purpose of the FDCPA "to eliminate abusive debt collection practices by debt collectors" including by misrepresentations.  15 U.S.C. § 1692(c)&(e); *see also Tucek v. Cadillac Accts. Receivable Mgmt., Inc.*, No. 1:17-CV-14233, 2019 WL 8226444, at *7 (E.D. Mich. Oct. 3, 2019) (concluding that the procedural requirement in § 1692g(b) implicated the FDCPA's substantive provisions), *report and recommendation rejected on other grounds,* 2020 WL 1249341 (E.D. Mich. Mar. 16, 2020).  But that is not enough to establish standing after *TransUnion* and *Ward* unless the procedural violation caused a traditionally recognized harm.

      The Supreme Court stated in *dicta* in TransUnion that an "informational injury"—an injury caused by a party's failure to provide statutorily-required information—is not sufficient to establish standing absent a "downstream consequence" stemming from that failure.  *TransUnion¸* 594 U.S. at 441–442; *Merck v. Walmart, Inc.*, 114 F.4th 762, 776 (applying *TransUnion*'s downstream consequences or adverse effects rule for informational injuries).  Crow did allege a downstream consequence here.  It can be inferred from the Complaint that Crow had to defend against a debt collection lawsuit that he alleges Defendants had no right to file at that time because they had not mailed validation of the debt to Crow.  Again, having to defend against a lawsuit that the opposing party had no right to bring is an injury in fact for purposes of standing.  *Bouye*, 61 F.4th at 490.  Crow adequately alleged standing for Count II at the dismissal stage.

6

IV.     **CONCLUSION**

For the above reasons, the Defendants' Motion to Dismiss (Doc. 6) is **DENIED**.

**IT IS SO ORDERED.**

                      BY THE COURT:

                      S/Susan J. Dlott
                      Susan J. Dlott
                      United States District Judge