**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

MIRADO CROW                                          Case No. 1:24-cv-532
    Plaintiff,                                   Litkovitz, M.J.

    vs.

STENGER & STENGER P.C., *et al.*,                    **ORDER**
    Defendants.

Plaintiff brings this lawsuit under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. § 1692, *et seq.* This matter is before the Court on plaintiff's motion for summary judgment (Doc. 32-1[1]), defendants' response in opposition (Doc. 34), and plaintiff's reply (Doc. 38).

## I. Procedural history

Defendants initially moved to dismiss plaintiff's lawsuit on standing grounds. In her Order denying that motion, the District Judge summarized plaintiff's allegations as follows:

> Crow, acting *pro se*, filed a Complaint against Stenger & Stenger and its three attorneys on September 25, 2024. (Doc. 3.) He asserted two claims for relief under the FDCPA. First, he alleged in Count I that Defendants violated 15 U.S.C. § 1692e by filing a claim for unjust enrichment in the debt collection lawsuit. (*Id.* at PageID 172-173.) Second, he alleged in Count II that Defendants violated 15 U.S.C. § 1692g and 12 C.F.R. § 1006.38(d)(2)(i) by filing the debt collection lawsuit in state court before they validated his purported credit card debt. (*Id.* at PageID 173.) Crow asked the Court in his prayer for relief to grant a permanent injunction and to award monetary civil penalties and other appropriate relief. (*Id.* at PageID 175-177.)

(Doc. 16 at PAGEID 379 (footnote omitted)).

## II. Facts

---

[1] This document corrected a prior version (Doc. 32). (*See* January 2, 2026 docket notation).

Plaintiff's complaint is notarized (Doc. 3 at PAGEID 177) and accompanied by his affidavit (*id.* at PAGEID 179-82).  In these sworn filings, plaintiff lays out the following timeline.

- **November 15, 2023**: Plaintiff received a dunning letter of this date from defendant Stenger & Stenger, P.C. (Stenger), stating it was attempting to collect a debt plaintiff owed to CitiBank, N.A.  (*See id.* at PAGEID 184-85 (dunning letter)).

- **December 12, 2023**: Plaintiff requested verification of the debt[2] in a letter to Stenger. (*See id.* at PAGEID 187-89[3] (letter and accompanying USPS tracking information)).

- **December 14, 2023**: Britney Sundstrom signed a return receipt for plaintiff's verification of debt letter.  *(See id.* at PAGEID 191 (United States Postal Service certified mail return receipt addressed to Stenger & Stenger P.C.); PAGEID 229 (same)).

- **February 6, 2024**: Defendants initiated a collection lawsuit against plaintiff in Butler County, Ohio.  (*See id.* at PAGEID 195-99 (state court complaint)).

- **July 22, 2024**: The state court magistrate ordered defendants to provide verification of the debt to plaintiff.  (*See id.* at PAGEID 245-48 (state court magistrate's order)).

---

[2] Plaintiff made this request pursuant to 15 U.S.C. § 1692g(b), which reads in relevant part:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

*Id.*

[3] Only one page of plaintiff's letter is included here.  The full letter appears later in plaintiff's exhibits in an attachment to his affidavit in support of his state court motion to dismiss.  (*Id.* at PAGEID 224-27).

2

- **August 12, 2024**: Defendants file a notice in the state court action indicating that they provided plaintiff with verification of the debt.  (*See id.* at PAGEID 305 (Notice to Court Regarding Validation of Debt)).

Defendants do not dispute this timeline except to assert that they have no record of receiving plaintiff's request for verification of the debt prior to initiating their state court lawsuit against plaintiff.  They proffer the declaration of defendant Hoff, an attorney with Stenger. (Doc. 34-1).  In it, defendant Hoff states that Stenger has (and had in 2023) a policy and procedure of making a record of any dispute letter received from a consumer and pausing collection or litigation activity until validation is provided to the consumer.  (*Id.* at PAGEID 495-6, ¶¶ 4-6).  Defendant Hoff states that Stenger did record plaintiff's request for verification "several weeks" (*id.* at PAGEID 495, ¶ 5) after filing suit against plaintiff but does not specify the date.  Defendant Hoff does not state if or when Stenger mailed plaintiff verification of the debt in his declaration.

### III.  Summary judgment standard

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  A grant of summary judgment is proper unless the nonmoving party "establish[es] genuinely disputed material facts by 'citing to particular parts of materials in the record . . . or . . .  showing that the materials cited do not establish the absence . . . of a genuine dispute.'"  *United Specialty Ins. Co. v. Cole's Place, Inc.*, 936 F.3d 386, 403 (6th Cir. 2019) (quoting Fed. R. Civ. P. 56(c)(1)).  The Court must evaluate the evidence, and all inferences drawn therefrom, in the light most favorable

3

to the non-moving party.  *Satterfield v. Tennessee*, 295 F.3d 611, 615 (6th Cir. 2002); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Little Caesar Enters., Inc. v. OPPC, LLC*, 219 F.3d 547, 551 (6th Cir. 2000).

The trial judge's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine factual issue for trial.  *Anderson*, 477 U.S. at 249.  The trial court need not search the entire record for material issues of fact, *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989), but must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Anderson*, 477 U.S. at 251-52. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'"  *Matsushita*, 475 U.S. at 587.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  However, "[f]acts that are not blatantly contradicted by [the evidence] remain entitled to an interpretation most favorable to the non-moving party."  *Coble v. City of White House, Tenn.*, 634 F.3d 865, 870 (6th Cir. 2011).  "In response to a properly supported summary judgment motion, the non-moving party 'is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial."  *Maston v. Montgomery Cnty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 849 (S.D. Ohio 2011) (quoting *Sixty Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987)).

A fact is "material" if its resolution will affect the outcome of the lawsuit.  *Beans v. City of Massillon*, No. 5:15-cv-1475, 2016 WL 7492503, at *5 (N.D. Ohio Dec. 30, 2016), *aff'd*, No.

17-3088, 2017 WL 3726755 (6th Cir. 2017) (citing *Anderson*, 477 U.S. at 248).  The party who seeks summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323.  To make its determination, the court "need consider only the cited materials, but it may consider other materials in the record."  Fed. R. Civ. P. 56(c)(3).  The party opposing a properly supported motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968).

Because plaintiff bears the burden of persuasion on his claims, his "initial summary judgment burden is 'higher in that [he] must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Surles v. Andison*, 678 F.3d 452, 455-56 (6th Cir. 2012) (quoting *Cockrel v. Shelby Cnty. Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001) (in turn quoting 11 James William Moore et al., Moore's Federal Practice § 56.13[1], at 56-138 (3d ed. 2000))).  Put differently, plaintiff's "initial burden is not merely to identify holes in the non-moving party's case." *United States v. Feldman*, 439 F. Supp. 3d 946, 951 (E.D. Mich. 2020).  Instead, he "must lay out the elements of the claim, cite the facts which [he] believes satisfies these elements, and demonstrate why the record is so one-sided as to rule out the prospect of a finding in favor of the non-movant on the claim." *Id.* (quoting *Hotel 71 Mezz Lender LLC v. Nat'l Ret. Fund*, 778 F.3d 593, 601 (7th Cir. 2015)).

**IV.    Analysis**

In general, to establish a claim under the FDCPA, "a plaintiff must show that a defendant violated one of the substantive provisions of the FDCPA while engaging in debt collection activity." *Clark v. Lender Processing Servs.*, 562 F. App'x 460, 465-66 (6th Cir. 2014). Plaintiff's first two arguments in his motion for summary judgment address the two substantive FPDCA provisions raised in his complaint: §§ 1692g(b) and 1692e. Plaintiff's third argument asserts that defendants acted willfully and knowingly. Plaintiff's fourth argument addresses defendants' affirmative defenses. Plaintiff's fifth argument preemptively asserts that any request for further discovery by defendants must be denied.

A. <u>15 U.S.C. § 1692g(b)</u>

Under this provision:

> If the consumer notifies the debt collector in writing . . . that the debt, or any portion thereof, is disputed, . . . the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b).

Plaintiff argues that defendants' state court litigation position establishes that they acted as debt collectors under the FDCPA. Plaintiff points to evidence establishing that he asked Stenger to verify the debt within 30 days of receiving the dunning letter, Stenger received that request, and instead of ceasing collection of the debt pending verification, Stenger filed a collection lawsuit against him. Plaintiff argues that this plainly establishes a § 1692g(b) violation.

In response, defendants argue that plaintiff's motion for summary judgment must be denied because he has not provided evidence showing the account at issue is a "debt" as defined under the FDCPA—a necessary element of his claims. Defendants also argue that defendant

Hoff's affidavit rebuts the presumption that it received plaintiff's request for verification of the debt.

In reply, plaintiff argues that "credit card obligations incurred by a natural person are consumer debts unless the creditor proves otherwise" and that the "Sixth Circuit has held that where the underlying obligations arises from a consumer credit account, the FDCPA's consumer-debt element is satisfied." (Doc. 38 at PAGEID 518[4]). Plaintiff also argues that defendant Hoff's "self-serving denial[ ]" regarding Stenger's receipt of plaintiff's request for verification of the debt cannot defeat documentary evidence otherwise. (Doc. 38 at PAGEID 513). Plaintiff thus argues that the bona fide error affirmative defense does not apply.

1. *Debt*

"Under the FDCPA, a 'debt' is a monetary obligation incurred 'primarily for personal, family, or household purposes.'" *McAfee v. IC Sys., Inc.*, No. 1:24-cv-715, 2025 WL 437268, at *2 (S.D. Ohio Feb. 7, 2025) (quoting 15 U.S.C. § 1692a(5)). The existence of a "debt," so defined, is critical to an FDCPA claim. *See Haddad*, 758 F.3d at 782 ("If there was no 'debt' as defined by the FDCPA, then the Firm's conduct, no matter how egregious, could not have violated the FDCPA.").

Defendants rely for their position on *McAfee*, noted above, in which the Court dismissed the plaintiff's case at the motion-to-dismiss stage because the plaintiff had failed to allege any facts showing the obligation at issue was incurred primarily for personal, family, or household purposes. *McAfee*, 2025 WL 437268, at *2. The undersigned, however, finds the instant case

---

[4] The authorities pin cited by plaintiff for these propositions of law do not adopt or discuss such presumptions. *See Haddad v. Alexander, Zelmanski, Danner & Fioritto, PLLC*, 758 F.3d 777, 783-84 (6th Cir. 2014) (discussing the meaning of "verification" in § 1692g(b)); *Stratton v. Portfolio Recovery Assocs., LLC*, 770 F.3d 443, 446 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (discussing an invalid attempt to collect statutory interest as a violation of the FDCPA); *Currier v. First Resol. Inv. Corp.*, 762 F.3d 529, 532-33 (6th Cir. 2014) (discussing an invalid lien as a violation of the FDCPA).

more akin to *Rankin by & through Antrobus v. Resurgent Cap. Servs., L.P.*, 791 F. Supp. 3d 803 (S.D. Ohio 2025). In *Rankin*, a developmentally disabled plaintiff brought FDCPA claims via guardian ad litem related to disputed debts arising from identity theft. *Id.* at 809. The matter was before the Court on summary judgment, and the defendants argued that the plaintiff had not presented evidence of a debt as defined by the FDCPA. *Id.* at 813. The Court noted the difficulty of proof in the case, given the plaintiff did not himself incur the debts and therefore did not know their purpose. *See id.* at 813-14. The Court relied on the following evidence, however, to conclude that the element was satisfied:

> Among the summary judgment evidence tendered by Rankin is a credit card agreement from Credit One Bank that (1) directs accountholders to consult the Consumer Financial Protection Bureau for additional information; (2) references the referral of account information to consumer reporting agencies; and (3) sets forth a provision that any arbitration shall be conducted "under the AAA's Consumer Arbitration Rules." (Doc. 39, PageID 1161-74). This, coupled with the fact that the account in question is a consumer account in Rankin's name, leads the Court to a conclusion that the obligation at issue constitutes consumer debt under the FDCPA.

*Id.* at PAGEID 814.

Similarly here, plaintiff proffers an affidavit that was originally submitted by defendants as an attachment to their state court motion for summary judgment. (Doc. 3 at PAGEID 254-55). *See Citibank N.A. v. Crow*, CVF-24-00074 (Butler County Area I Court, Butler County, Ohio).[5] Attached to that affidavit is information on the account at issue. The account, a Best Buy Visa card, is in plaintiff's name and overwhelmingly lists food, grocery, and gas merchants such as "Noodles & Co.," WM Supercenter," "Petsmart," "Amzn Mktp US," and "Dollar General" in amounts less than $100. (*See, e.g.*, Doc. 3 at PAGEID 256, 258). Instructions attached to the

---

[5] "[A] court may take judicial notice of other court proceedings. . . ." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010). The state court docket is accessible via the Butler County Clerk of Court's website, https://clerkofcourts.bcohio.gov/ [https://perma.cc/LH6K-QKXU].

account statement note that payment should be sent to the "*Consumer* Payment Dept.*"* (*See, e.g., id.* at PAGEID 262 (emphasis added)). Defendant fails to offer any evidence to rebut this showing, and the Court concludes that plaintiff satisfies the "debt" element of his claim.

Otherwise, plaintiff has submitted evidence that he timely requested verification of the debt under the statute. *See Tucek v. Cadillac Accts. Receivable Mgmt., Inc.*, No. 17-cv-14233, 2018 WL 4524099, at *4 (E.D. Mich. July 10, 2018) ("When a consumer has mailed a written notification by certified mail to a debt collector and has provided proof that the notification has been delivered, receipt by the debt collector has been established, and the notification requirements in § 1692g(b) have been satisfied so long as the mailing was timely.").[6] Plaintiff has also presented evidence showing that he is a "consumer[7]" and defendants are "debt collectors[8]"—elements of § 1692g(b) defendants do not appear to challenge. Instead, defendants assert the bona fide error defense, in that they did not have a record of plaintiff's alleged dispute letter "until several weeks after Stenger & Stenger, P.C. filed the underlying State-Court lawsuit against Plaintiff. . . ." (Doc. 34-1 at PAGEID 495-96, ¶ 5).

### 2. *Bona fide error defense*

Plaintiff seeks summary judgment on defendants' bona fide error defense. "When a plaintiff seeks summary judgment on an affirmative defense for which the defendant bears the

---

[6] Defendants cite *Laird v. Norton Healthcare, Inc.*, 442 F. App'x 194, 198 (6th Cir. 2011), for the proposition that defendant Hoff's declaration establishes that defendants did not receive plaintiff's dispute letter. *Laird* is an ERISA case and does not address § 1692g(b). The Court finds *Tucek* directly on point and persuasive, and it considers defendant Hoff's declaration as relevant only to the bona fide error affirmative defense.

[7] "The term 'consumer' means any natural person obligated or allegedly obligated to pay any debt." 15 U.S.C. § 1692a(3). Plaintiff is a natural person, and he attaches to his complaint the account information attached to his name relied on by defendants in the state court action. (*See* Doc. 3 at PAGEID 256-299).

[8] "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Stenger repeatedly identified itself as a debt collector in the state court proceedings. (Doc. 3 at PAGEID #185, 195-96, 233-34, 250-53).

burden of proof, the plaintiff must demonstrate that the defendant 'failed to make a showing sufficient to establish the existence of an essential element of' the defense." *Perry v. Jenkins & Stiles, LLC*, No. 3:21-cv-414, 2025 WL 3025678, at *10 (E.D. Tenn. Oct. 29, 2025) (quoting *HBKY, LLC v. Elk River Export, LLC*, 150 F.4th 480, 486 (6th Cir. 2025)).  Therefore, the Court evaluates whether defendants have raised a genuine issue of material fact as to any of the requirements of the bona fide error defense.

The bona fide error defense "protects debt collectors from liability if they can show 'by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.'" *Van Hoven v. Buckles & Buckles, P.L.C.*, 947 F.3d 889, 899 (6th Cir. 2020) (quoting 15 U.S.C. § 1692k(c)).  Thus, to succeed on this defense, defendants must show: "(1) the violation was unintentional; (2) the violation was a result of a bona fide error; and (3) the debt collector maintained procedures reasonably adapted to avoid any such error." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 538 F.3d 469, 476-77 (6th Cir. 2008), *rev'd and remanded on other grounds*, 559 U.S. 573 (2010).

Plaintiff argues that the bona fide error defense does not excuse mistakes of law. *Jerman*, 559 U.S. at 604-05 ("[T]he bona fide error defense in § 1692k(c) does not apply to a violation of the FDCPA resulting from a debt collector's incorrect interpretation of the requirements of that statute.").  Plaintiff argues that defendants' initiation of litigation after receiving his request for verification of the debt was not a clerical error or oversight to which the bona fide error defense is applicable.  He asserts that defendants claimed they were not liable under the FDCPA in the state court proceedings, and that such ignorance of statutory obligations is not within the purview of § 1692k(c).

Defendants argue that defendant Hoff's declaration demonstrates that they are entitled to the bona fide error affirmative defense.  They argue that his declaration shows that they had policies and procedures in place to avoid error the error resulting in the alleged § 1692g(b) violation.

In his reply, plaintiff asserts that record evidence directly contradicts statements in defendant Hoff's declaration.  Plaintiff states: "In the [state court] case, the Magistrate expressly found that Defendants received [plaintiff]'s Validation Request prior to litigation, which is what her basis was for ORDERING Defendants to provide validation."  (Doc. 38 at PAGEID 515).[9]

Turning to the substance of plaintiff's § 1692g(b) claim, plaintiff alleges that defendants violated the section by filing suit after receiving plaintiff's letter requesting debt verification without first providing that debt verification.  Defendants state they had no record of plaintiff's certified mailing prior to filing the state court action.  Defendant Hoff avers, "[Stenger] has no record of receiving the alleged letter filed at ECF Doc #3, PAGEID 187, until several weeks after [Stenger] filed the underlying State-Court lawsuit against [plaintiff] in the Butler County Ohio Area 1 Court on behalf of Citibank N.A."  (Doc. 34-1 at PAGEID 495-96, ¶ 5).  Defendants never state or present evidence of the circumstances under which they admittedly discovered plaintiff's letter during the state court lawsuit.  They do not point to any evidence showing a bona fide error occurred in this case, such as an unauthorized person signing for defendants' certified mail, the certified mail being improperly routed, plaintiff's communication failing to be properly scanned and saved, or some other related error.  In the absence of any such evidence, defendants fail to show that a bona fide error occurred—the second element of their defense.

---

[9] In fact, the state court Magistrate did not make such a finding.  (*See* Doc. 3 at PAGEID 245-48).

In addition, defendants fail to meet the third element of the defense. "[A]s the plain language of the statute and caselaw make evident, the procedure in question must be reasonably adapted to avoid the *particular error* from which defendant seeks to escape liability." *Allen v. Checkredi of Ky., LLC*, No. 09-cv-103, 2010 WL 4791947, at *12 (E.D. Ky. Nov. 17, 2010) (emphasis added). Defendants fail to present evidence that the generic procedures identified by defendant Hoff in his declaration were "reasonably adapted" to avoid the bona fide error in this case. *Jerman*, 538 F.3d at 476-77. *See also Tolliver v. Nat'l Credit Sys., Inc.*, No. 20-cv-728, 2021 WL 4306056, at *4-5 (W.D. Wis. Sept. 22, 2021) (the defendant was entitled to the bona fide error defense when it alleged it had lost the plaintiff's dispute letters but provided detailed testimony from three employees (including the two primary people in charge of screening mail during the relevant time period) regarding relevant office procedures) ("[T]he question" for application of the bona fide error defense "is whether National Credit maintained 'procedures *reasonably adapted to avoid' losing mail in August 2019*.") (quoting § 1692k(c)) (emphasis added)); *Williams v. Enhanced Recovery Co., LLC*, No. 18-cv-03699, 2019 WL 3817867, at *3 (N.D. Cal. Aug. 14, 2019) (the defendant was entitled to the bona fide error defense when it alleged it had not received the plaintiff's dispute letter because the defendant submitted a detailed motion and supporting declaration describing "at length the redundant policies and procedures in place" related to retrieving, processing, and recording all correspondence); *Isham v. Gurstel, Staloch & Chargo, P.A.*, 738 F. Supp. 2d 986, 999 (D. Ariz. 2010) ("Despite Gurstel's showing of elaborate FDCPA compliance and office procedures, it fails to demonstrate procedures 'reasonably adapted' to the specific error that caused it to violate the FDCPA in Isham's case—mishandling and loss of consumer mail."); *Ewing v. MED-1 Sols., LLC*, 24 F.4th 1146, 1156 (7th Cir. 2022) ("[The defendant]'s unspecified FDCPA training for employees and

12

general policy of reporting disputes d[id] not suffice" to address the "actual *error*" that occurred, which was distinct from the FDCPA violation itself.).  Because defendants have not provided evidence to support all of the elements of the bona fide error defense, summary judgment is warranted for plaintiff on his § 1692g(b) claim.  *See HBKY, LLC*, 150 F.4th at 486 (quoting *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 491 (6th Cir. 2020)) (summary judgment on an affirmative defense was appropriate where the defendants "failed to make a showing sufficient to establish the existence of an essential element of" their affirmative defense).

B.  <u>15 U.S.C. § 1692e</u>

The FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  The statute provides an inexhaustive list of conduct that violates the statute in subsections (1)-(16).  A claim under § 1692e includes the following elements: "(1) plaintiff must be a 'consumer' as defined by the Act; (2) the 'debt' must arise[ ] out of transactions which are 'primarily for personal, family or household purposes;' (3) defendant must be a 'debt collector' as defined by the Act; and (4) defendant must have violated § 1692e's prohibitions."  *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326 (6th Cir. 2012).

Plaintiff relies on § 1692e(2), which describes prohibited action as "[t]he false representation of . . . the character, amount, or legal status of any debt. . . ."  He argues that defendants violated that subsection by alternatively pleading claims for breach of contract and unjust enrichment in the state court case.  (Doc. 3 at PAGEID 195 (state court complaint)).  Plaintiff relies on the following proposition of Ohio law: "Ohio law is clear that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject."  *Wuliger v. Manufacturers Life Ins. Co.*, 567 F.3d 787, 799 (6th Cir.

13

2009) (quoting *Lehmkuhl v. ECR Corp.*, No. 06 CA 039, 2008 WL 5104747, at *5 (Ohio Ct. App. Dec. 2, 2008)).

In response, defendants argue that Ohio law permits alternative pleading.  *See Iacono v. Anderson Concrete Corp.*, 326 N.E.2d 267, 270 (Ohio 1975) (citing Ohio R. Civ. P. 8(E)). Defendants also rely on the Supreme Court's recognition that § 1692e does not trigger liability every time a collection lawsuit is unsuccessful.  *See Heintz v. Jenkins*, 514 U.S. 291, 296 (1995) ("[W]e do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken.'"); *Van Hoven*, 947 F.3d at 895 (discussing *Heintz*).

In reply, plaintiff's reiterates his position.  He cites several cases from this and other circuits finding liability under § 1692e in different contexts.

Under Ohio law, plaintiffs may plead an unjust enrichment claim alternatively to a breach of contract claim.  *See Iacono*, 326 N.E.2d at 270; *Bihn v. Fifth Third Mortg. Co.*, 980 F. Supp. 2d 892, 905 (S.D. Ohio 2013) ("[U]njust enrichment may be brought in the event the court finds that there was no valid contract or that the contract did not address the issues in dispute.").  This is fully compatible with the authority cited by plaintiff, which holds that "a plaintiff may not *recover* under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject" under Ohio law.  *Wuliger*, 567 F.3d at 799 (emphasis added); *Bldg. Indus. Consultants, Inc. v. 3M Parkway, Inc.*, 911 N.E.2d 356, 362 (Ohio Ct. App. 2009) ("While it is true that a party may not recover for the same services under both a contractual claim and a claim for quantum meruit, a party is not barred from seeking alternative theories and recovering under a quantum meruit theory if his contractual claim fails.").  None of the authorities cited in plaintiff's memoranda address the alternative pleading at issue here, and the Court was unable to

14

locate any authority within or outside this circuit finding a debt collector liable under § 1692e under these circumstances.  The Court concludes that defendants' alternative pleading in the state court action did not subject them to liability under § 1692e.  Plaintiff's motion for summary judgment is denied as to his § 1692e claim.

    C.  <u>Other affirmative defenses</u>

Plaintiff argues that defendants' affirmative defense of failure to mitigate damages is unavailable.  Plaintiff argues that mitigation does not apply to FDCPA claims.  Regardless, plaintiff argues that his request for verification of the debt within the statutory time frame and continued contesting of the debt represent his mitigation of damages.

In response, defendants simply state that plaintiff has not "demonstrated that [defendants] are not entitled" to assert their defenses.  (Doc. 34 at PAGEID 494).[10]

There is no categorical bar against asserting mitigation of damages as a defense to an FDCPA claim, as the FDCPA contemplates actual and statutory damages.  15 U.S.C. §§ 1692k(a)(1), (2); *Allison v. Specialized Loan Servicing LLC*, No. 3:14-cv-00858, 2020 WL 12812018, at *3 (W.D. Ky. Oct. 19, 2020) ("Courts have recognized that mitigation of damages

---

[10] Plaintiff also argues that defendants' First Amendment viewpoint discrimination and *Noerr-Pennington* defenses fail.  Defendants offer only this cursory response regarding their *Noerr-Perrington* defense, which refers to a doctrine derived from *United Mine Workers of Am. v. Pennington,* 381 U.S. 657 (1965); and *Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc.,* 365 U.S. 127 (1961).  The doctrine "immunizes parties from liability under antitrust laws or § 1983 for actions taken when petitioning authorities to take official action, even where the petitioning activity has the intent or effect of depriving another of property interests, except under 'very limited circumstances.'"  *Knology, Inc. v. Insight Commc'ns Co.*, 393 F.3d 656, 658 (6th Cir. 2004) (quoting *Eaton v. Newport Bd. of Educ.*, 975 F.2d 292, 298 (6th Cir. 1992)).  The Sixth Circuit has not applied the doctrine to FDCPA claims.  *See Wise v. Zwicker & Assocs., P.C.*, 780 F.3d 710, 719 n.5 (6th Cir. 2015) (noting that the Supreme Court in *Heintz* held that the FDCPA "includes lawyers and litigation activities in its purview" and that the Sixth Circuit specifically rejected the doctrine in the context of debt collectors using false statements in *Hartman v. Great Seneca Fin. Corp.*, 569 F.3d 606, 616 (6th Cir. 2009)).  Thus, to the extent defendants have not waived use of a *Noerr-Perrington* affirmative defense with their perfunctory reference to it in their brief, it is not available to them in this case.  Defendants do not address the First Amendment defense at all; thus, they appear to concede it.  *See Jackson v. U.S. Postal Serv.*, 149 F.4th 656, 670 (6th Cir. 2025) ("Generally, at the summary judgment stage, the non-moving party can forfeit an argument if they fail to respond to the moving party's arguments.") (quoting *Palma v. Johns*, 27 F.4th 419, 429 n.1 (6th Cir. 2022)).

15

is a defense to a FDCPA claim."). As the affirmative defense of mitigation affects damages and not liability, the Court reserves discussion of its application to the damages phase of these proceedings. The Court reiterates, however, that defendant will bear the burden of supporting this affirmative defense with evidence.

### D. Other arguments

Plaintiff argues that defendants violated the FDCPA willfully and knowingly. Other than restating his substantive claims, plaintiff fails to explain or present evidence showing how defendants' conduct was willful or knowing or how that fact would bear on his claims. The Court therefore finds it unnecessary to address this argument, because defendants have not sought additional discovery.[11]

### V. Conclusion

Based on the foregoing, plaintiff's motion for summary judgment (Doc. 32-1) is **GRANTED in part** and **DENIED in part** as explained herein.

**IT IS SO ORDERED.**

Date: 4/6/2026

Karen L. Litkovitz
United States Magistrate Judge

---

[11] Plaintiff cites Rule 56(f). Based on the substance of his argument and case law cited, however, he appears to refer to a prior version of the Rule under which this subsection addressed additional discovery. (*See* Doc. 32-1 at PAGEID 479-80).

16